NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSUE FLORES GONZALEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2474

Agency No.
A206-409-474

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2025[**]
Pasadena, California

Before: BYBEE, IKUTA, and FORREST, Circuit Judges.

Petitioner Josue Flores Gonzalez, a Mexican national, petitions for review of

the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the

immigration judge's (IJ) denial of cancellation of removal, withholding of removal,

and protection under the Convention Against Torture (CAT). "Where, as here, the

---

[*]This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted. We review questions of law de novo and factual findings for substantial evidence. *Id.* We deny the petition.

**1. Cancellation of Removal.** A noncitizen is eligible for cancellation of removal if, among other requirements, he establishes "that removal would result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). The hardship must be "'substantially different from, or beyond, that which would normally be expected from the deportation' of a 'close family membe[r].'" *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024) (alteration in original) (citation omitted). Whether this standard has been satisfied is a mixed question of law and fact that we review for substantial evidence. *See Gonzalez-Juarez v. Bondi*, --- F.4th ---, No. 21-927, 2025 WL 1440220, at *5 (9th Cir. 2025). Substantial evidence supports the agency's conclusion that the loss of Petitioner's financial support to his children did not exceed the ordinary hardships to be expected from removal.

**2. Withholding of Removal.** "[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's . . . membership in a particular social group." 8 U.S.C. § 1231(b)(3)(A). We review the agency's

resolution of factual questions such as the distinction of particular social groups for substantial evidence, and the ultimate legal question whether there is a particular social group de novo. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020).

Substantial evidence supports the agency's conclusion that Petitioner's proposed particular social groups—his own family members who have been targeted by their own family member and Mexican nationals who return to Mexico after having lived in the United States—are not defined with sufficient particularity and are not distinct within Mexican society. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (stating standard); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam) (holding that Mexican nationals who have lived in the United States is not a sufficiently particular social group).

***3. CAT.*** "To receive CAT protection, a petitioner must prove that it is 'more likely than not' that he or she would be tortured if removed." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (citation omitted); *see also* 8 C.F.R. § 1208.16(c)(2). This requires Petitioner to "demonstrate that he would be subject to a particularized threat of torture," among other things. *Lalayan*, 4 F.4th at 840 (citation omitted) (emphasis omitted). "Torture" means "any act by which severe pain or suffering . . . is intentionally inflicted on a person." 8 C.F.R. § 1208.18(a)(1). "Evidence of past torture is relevant" in assessing the likelihood of future torture. *Nuru v. Gonzales*,

23-2474

404 F.3d 1207, 1216 (9th Cir. 2005). We review the BIA's determination that Petitioner is ineligible for protection under the CAT for substantial evidence. *Lalayan*, 4 F.4th at 840.

Petitioner argues that death threats made by his cousin in the United States demonstrate a particularized threat of torture. The IJ found that these threats did not rise to the level of past torture and also did not establish a particularized threat of future torture if Petitioner were returned to Mexico. And the IJ found that although country condition reports from Mexico suggested internal strife, they did not show that Petitioner would be at any particular risk of torture. The BIA agreed. We conclude that there is substantial evidence for these conclusions. Nothing in the record suggests that the cousin's threats constituted "torture" as defined under the CAT. And substantial evidence supports the IJ's interpretation of the country conditions reports.

**PETITION DENIED.**